IN THE UNITED STATES DISTRICT COURT,
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGUERITE MARION | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08 cv 03867 |
| | ) | |
| v. | ) | Honorable Virginia M. Kendall |
| | ) | |
| BANK OF AMERICA, NATIONAL ASSOCIATION | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

Plaintiff Marguerite Marion ("Marion or Plaintiff"), by her undersigned attorneys, Bellows and Bellows, P.C., hereby respond to Defendant Bank of America Corporation's[1] ("BOA" or "Defendant") Notice of Removal with this Motion for Remand to State Court pursuant to 28 U.S.C. § 1447. In support thereof, Plaintiff states as follows:

### INTRODUCTION

1. This action was commenced in the Law Division of the Circuit Court of Cook County, Illinois on May 20, 2008 and entitled *Marguerite Marion v. Bank of America National Association*, Case 2008 L 005559. Defendant was served with the Complaint and summons on June 10, 2008.

2. The Complaint states claims for: count I, violation of the Illinois Wage Payment and Collection Act; count II, violation of the Illinois Sales Representatives Act; count III, violation of the Illinois Earned Bonuses Administrative Code; and count IV, violation of the Illinois Continuation Law. None of the claims arise under federal law.

---

[1] The Complaint incorrectly names "Bank of America, National Association" as the Defendant.

1

3. Attached to the Complaint are exhibits that identify Defendant's written representations to Plaintiff that her short term and long term bonuses were guaranteed based on her continued employment with Defendant's predecessor, ABN AMRO LaSalle Bank ("LaSalle"). Defendant did not include these exhibits in its Notice of Removal.

4. On July 8, 2008, BOA filed its Notice of Removal and served Plaintiff's counsel. A copy of the Notice of Removal is attached hereto as Exhibit 1.

5. This Motion for Remand is filed with this Court within 30 days of service of the Notice of Removal and thus all procedural and jurisdictional objections are timely under 28 U.S.C. § 1447(c).

6. Written notice of the filing of this Motion for Remand has been given to Defendant together with a copy of the motion and supporting papers and has been filed with the Clerk of the Circuit Court of Cook County, Illinois.

## ARGUMENT

### Remand Based on Lack of Subject Matter Jurisdiction – No Federal Question

7. It is well settled that the party seeking to preserve the district court's removal jurisdiction (Defendant) bears the burden of showing that the requirements for removal have been met. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Defendant has not met its burden and the instant matter should be remanded to the Circuit Court of Cook County, Illinois.

8. The removal statute is strictly construed against removal and the burden of establishing federal jurisdiction falls to the party invoking the statute. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)

9. Where federal jurisdiction arises as a result of a "federal question," the

question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank of Meridian*, 299 U.S. 109, 112-13, 81 L. Ed. 70, 57 S. Ct. 96 (1936). The instant Complaint asserts no federal claims.

10. "The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 369-70 (4th Cir. 2001), citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986). Defendant's attempt to create a federal question by misstating Plaintiff's claims has no merit and does not constitute any basis for removing the instant matter.

11. Plaintiff was employed by Defendant's predecessor, LaSalle for over 20 years. In 2007, rumors began to spread within LaSalle regarding a potential merger with BOA. In an effort to retain stability within the organization, LaSalle began to make representations to employees such as Plaintiff that employees' short term and long term bonuses for 2007 would be guaranteed at set rates.

12. In its Notice of Removal, Defendant incorrectly contends that Plaintiff's claims arise under the law of the United States through the Employee Retirement Income Security Act of 1974 (ERISA) which "converts an ordinary state common law complaint into one stating a federal law claim for purposes of the well-pleaded complaint rule." (Notice of Removal, p. 2). While ERISA does have preemptive power over state claims as to Employee Welfare Benefit Plans and Employee Pension Benefit Plans, Plaintiff has not made any claim to benefits under any plan that would be covered under ERISA. Plaintiff's claims are based solely on LaSalle's promises relating to its short term bonus

plan which was known as the Corporate Incentive Plan ("CIP") and its long term bonus plan which was known as the Long Term Incentive Plan ("LTIP"). These claims are based, in part, on LaSalle's written representations guaranteeing payment to LaSalle employees. As LaSalle's current incarnation, Defendant acquired the rights and duties associated with those representations. Plaintiff attached those writings as exhibits to her Complaint. Tellingly, Defendant chose not to attach those exhibits to its Notice of Removal.

13. Under ERISA definitions, neither the CIP or LTIP qualify as employee pension benefit plans. ERISA defines an employee pension plan as any plan, fund or program established or maintained, by an employer which by its expressed terms or as a result of surrounding circumstances (i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, or the method of distributing benefits from the plan. 29 U.S.C. § 1002(2)(A). Not included in this definition, however, are bonus plans. Federal regulations define bonus plans as "payments made by an employer to some or all of its employees as bonuses for worked performed." 29 C.F.R. § 2510.3-2(c). The CIP and LTIP are bonus plans not covered by ERISA. Both plans have a vesting schedule whereby employees receive current benefits rather than deferred retirement income.

14. In addition, neither the CIP plan nor the LTIP plan fall within the definition of a welfare benefit plan. "ERISA will recognize a plan as a welfare benefit plan if it contains the following five elements: (1) a plan, fund or program, (2) established or maintained, (3) by an employer or by an employee organization, or by both, (4) for the

purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits…or severance benefits, (5) to participants or their beneficiaries. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 738 (7th Cir. 1986). The CIP and LTIP plans at issue, were independent plans with guaranteed payouts based on independent representations. Defendant's subsequent attempt to bring these plans within the purview of its severance plan does not change the previous representations that enticed Plaintiff to remain employed by LaSalle through its turbulent merger with BOA. Plaintiff was not even informed that the CIP and LTIP would be governed by Defendant's severance plan until after termination. The severance agreement that was proposed to Plaintiff detailed the severance compensation to include fifty-two (52) weeks pay, outplacement services and medical and dental benefits for the severance period. Notably, the agreement did not reference the payments due under the CIP and LTIP as part of the severance package. Thus, the CIP and LTIP plans would not be recognized as a welfare benefit plan under ERISA because the payments under these plans were due based on Defendant's contractual representations and not its severance plan.

15.     Defendant's oral and written promises to provide Plaintiff with full vesting of her 2007 CIP and LTIP benefits were made months prior to her termination. These representations converted LaSalle's short and long term bonuses into retention bonuses meant to foster loyalty while BOA contemplated its post-merger personnel changes. None of LaSalle's written representations were conditioned upon Plaintiff's participation in Defendant's severance plan in any way. "Significant differences between the company's existing plan and the promised benefits, as well as the lack of any evidence

linking them to each other, lead us to conclude that the promised benefits were free-standing and were not premised in any way on an existing plan." *Peggy S. Crews v. General American Life Insurance Company, Inc.,* 274 F.3d 502 (8th Cir. 2001). Since these performance bonuses were independent from benefits promised under Defendant's severance program, they are free standing, one time offers of benefits that do not come within the purview of ERISA.

## Remand Based on the Penalty Provisions of The Illinois Wage Payment and Collection Act and The Illinois Sales Representative Act

16. Defendant argues that this action may be removed based on diversity jurisdiction and relies on 28 U.S.C. § 1332 which provides "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between (1) citizens of different states."

17. While Plaintiff acknowledges that there exists complete diversity in this action, this Court does not have jurisdiction over matters that require the state to exercise its police powers and penalize businesses for non-compliance with its statutes. This Court has held that it does not have jurisdiction over state matters involving penal statutes. *Tasner v. U.S. Industries, Inc.,* 379 F.Supp. 803, (N.D. Ill. 1974).

18. It is generally recognized that penalties fixed by state law are not enforceable in federal courts. *Tasner* at 807 (citing *Wisconsin v. Pelican Insurance Co.,* 127 U.S. 265, 8.S.Ct. 1370 (1888)).

19. In her Complaint, Plaintiff states claims for relief under the Illinois Wage Payment and Collection Act and the Illinois Sales Representative Act, both of which

6

include penalty provisions. The Wage Payment and Collection Act allows for a penalty of one percent (1%) interest per calendar day for each day of in payment. 820 ILCS 115/14. The Sales Representative Act includes a penalty award not to exceed treble damages. The Illinois Wage Payment and Collection Act and the Illinois Sales Representative Act are punitive in nature. *Maher and Associates, Inc. v. Quality Cabinets*, 267 Ill.App.3d 69, 80, 640 N.E. 2d 1000, 1008 (2nd Dist. 1994). If the amount sought to be recovered is arbitrarily exacted for some act or omission of the defendant, the action is penal. *Tasner* at 808. "Punitive, or exemplary damages are not awarded as compensation, but serve instead to punish the offender and to deter that party and others from committing similar acts of wrongdoing in the future." *Maher and Associates, Inc. v. Quality Cabinets*, 267 Ill.App.3d 69, 80, 640 N.E. 2d 1000, 1008 (2nd Dist. 1994). Thus, Plaintiff's demand for a penalty imposed by an Illinois statute is not enforceable in this Court and this Court does not have jurisdiction over either the Illinois Wage Payment and Collection Act or the Illinois Sales Representative Act.

20.  For the reasons stated above, the instant action fails to meet the prerequisites for removal under 28 U.S.C. § 1441 and thus, should be remanded to state court.

### Remand Pursuant to Section 28 U.S.C. § 1446(a) – Procedure for Removal

21.  Defendant has also failed to meet the requirements for removal set forth under 28 U.S.C. § 1446(a) and remand is proper due to the procedural defects in Defendant's Notice of Removal. 28 U.S.C. § 1447(c).

22.  Section § 1446(a) states in relevant part: "A defendant or defendants desiring to remove any civil action from a state court shall file in the district court of the

United States…a notice of removal…..together with a copy of all process, pleadings, and orders served upon defendant or defendants in such action."

23. Defendant's Notice of Removal did not include a copy of the pleadings as required by Section § 1446(a). (See Notice of Removal Ex. 1).

24. "If [an] instrument is attached to the pleading as an exhibit, it constitutes part of the pleading for purposes of ruling on motions relating to the pleadings." *Bajwa v. Metro. Life Ins. Co.*, 208 Ill. 2d 414, 431 (Ill. 2004).

25. Although the stand alone Complaint was attached to Defendant's Notice of Removal, none of its exhibits were included. (See Plaintiff's Complaint at Law attached hereto with all accompanying Exhibits). Defendant's decision not to include Plaintiff's exhibits within its filing constitutes a failure to include a complete copy of the pleadings.

26. Accordingly, the instant action should be remanded to state court pursuant to Section 1447(c), and Defendant should be required to comply with the strictures of Section § 1446(a).

WHEREFORE, Plaintiff Marguerite Marion moves this Court to remand this proceeding to the Circuit Court of Cook County, Illinois, for all fees and costs associated with this motion pursuant to 28 U.S.C. § 1447(c), and for such other relief as may be deemed appropriate.

                    Plaintiff Marguerite Marion,

                    By:  s/Kristen Prinz
                        One of Her Attorneys

Joel J. Bellows, Esq.
Kristen E. Prinz, Esq.
BELLOWS AND BELLOWS, P.C.
209 South LaSalle Street, Suite 800
Chicago, Illinois 60604
Attorney No. 01000

IN THE UNITED STATES DISTRICT COURT,
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGUERITE MARION | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08 cv 03867 |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, NATIONAL ASSOCIATION | ) ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

TO: Jeffrey K. Ross
　　 Ronald J. Kramer
　　 Kathryn S. Clark
　　 SEYFARTH SHAW LLP
　　 131 South Dearborn Street
　　 Suite 2400
　　 Chicago, Illinois 60603

　　 PLEASE TAKE NOTICE that on August 8, 2008, we caused to be filed with the United States District Court clerk, Plaintiff's Motion For Remand To State Court. On July 28, 2008, the Court Ordered that Defendant shall file its Response by August 25, 2008 and Plaintiff shall file her Reply by September 2, 2008. The Court will rule by mail.

　　　　　　　　　　　　　　　　　　　　BELLOWS AND BELLOWS, P.C.


　　　　　　　　　　　　　　　　　　By: s/Kristen Prinz_____
　　　　　　　　　　　　　　　　　　　　One of the Attorneys for
　　　　　　　　　　　　　　　　　　　　Plaintiff

Joel J. Bellows, Esq.
Kristen E. Prinz, Esq.
BELLOWS AND BELLOWS, P.C.
209 South LaSalle, Suite 800
Chicago, Illinois 60604
(312) 332-3340
Attorney # 01000

## CERTIFICATE OF SERVICE

I, Priscella Medina, a non-attorney, being first duly sworn upon oath, do hereby certify that copies of the foregoing Plaintiff's Motion For Remand To State Court to be filed electronically in the United States District Court for the Northern District of Illinois on this 8th day of August, and that a true and correct copy of the foregoing was served on the following via the Court's electronic filing system:

Jeffrey K. Ross
Ronald J. Kramer
Kathryn S. Clark
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603

_____
Priscella Medina

SUBSCRIBED and SWORN to
before me this 8th day of August, 2008

_____
Notary Public

OFFICIAL SEAL
TINA HOYT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/15/10